UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-2014 CAS |
| ) | |
| GREYHOUND LINES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Greyhound Lines, Inc.'s motion to enforce settlement against plaintiff Rose Thompson. The Court held a hearing on the motion on October 22, 2013. Having considered defendant's motion and memoranda, plaintiff's response, and the evidence submitted by the parties, the Court will grant defendant's motion. Also pending before the Court is plaintiff's former counsel's motion for the imposition of an attorney's fees lien. The motion will be denied without prejudice at this time.

*I. Background*

On December 10, 2010, plaintiff was discharged from her employment with Greyhound Lines, Inc. ("Greyhound"). Plaintiff had been a driver for the company for over 30 years. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and hired an attorney, Bradley J. Bakula, to represent her in an employment discrimination suit against Greyhound. On September 13, 2012, Mr. Bakula, on plaintiff's behalf, filed a six-count petition in the Circuit Court for the City of St. Louis, Missouri. Plaintiff alleged the following state law claims of employment discrimination and wrongful discharge against Greyhound: (1) age discrimination under the Missouri Human Rights Act ("MHRA") (Count I); (2) retaliatory discharge under the MHRA (Count II); (3)

disability discrimination under the MHRA (Count III); (4) failure to accommodate under the MHRA (Count IV); (5) hostile work environment under the MHRA (Count V); and (6) wrongful discharge in violation of public policy (Count VI).  Greyhound removed the case based on diversity of citizenship, 28 U.S.C. § 1332(a).[1]

On March 5, 2013, the Court entered a Case Management Order and the parties engaged in discovery.  On May 15, 2013, the case was referred to mediation.  Plaintiff filed a motion to extend the deadline to complete mediation, which the Court granted.  The parties scheduled a mediation conference for September 12, 2013.  Plaintiff's deposition was scheduled to take place on August 22, 2013, prior to mediation.

On August 21, 2013, it is undisputed that plaintiff was in Mr. Bakula's office preparing for her deposition.  It is also undisputed that Mr. Bakula contacted Jennifer Znosko, Greyhound's counsel, by telephone that day regarding the possibility of resolving the lawsuit by settlement.  Ms. Znosko was informed that plaintiff was in Mr. Bakula's office preparing for her deposition.  Mr. Bakula and Ms. Znosko had numerous telephone and e-mail communications that day, and in the afternoon they reached an agreement to settle the case. The agreement included the amount of the settlement and how the settlement would be apportioned.  On August 22, 2013, Ms. Znosko sent Mr. Bakula by e-mail a "Release of all Claims and Settlement Agreement of Rose Thompson," with the terms revised and settlement amount apportioned pursuant to counsel's discussions.  See Doc. 43, Ex. 3 at 7 (filed under seal).  Ms. Znosko also attached a form W-9 to her e-mail. Id. at 3.  On September 3, 2013, Mr. Bakula contacted Ms. Znosko and informed her that plaintiff was refusing to sign the release and that he intended to move to withdraw as counsel.

---

[1]Following removal, Greyhound filed a motion to dismiss Count VI, which the Court granted.

On September 4, 2013, Mr. Bakula filed a motion asking that the Court allow him to withdraw as plaintiff's counsel. In support of his motion, Mr. Bakula stated that a dispute had arisen between himself and plaintiff as to whether the case had settled.  Shortly thereafter, Greyhound filed a motion to enforce settlement, which is presently before the Court.

On September 10, 2013, the Court held a hearing on Mr. Bakula's motion to withdraw. The Court granted Mr. Bakula's motion to withdraw, and based on plaintiff's representation that she was in the process of obtaining substitute counsel, it stayed the matter for two (2) weeks in order to allow plaintiff time to obtain replacement counsel.  Plaintiff did not secure new counsel, and she filed a pro se response to defendant's motion to enforce settlement.  The Court set a hearing on defendant's motion to enforce settlement for October 22, 2013.

## II.  *Evidence Presented*

In anticipation of the hearing, Greyhound took the written deposition of Mr. Bakula.  Mr. Bakula testified that on August 21, 2013, he called Greyhound's counsel to discuss settling the case. He testified that he communicated a settlement demand to Greyhound's counsel, Ms. Znosko, and that he had the authority to do so from his client, Ms. Thompson.  He also testified that he told Ms. Znosko that plaintiff was in his office that day.  According to Mr. Bakula's testimony, Ms. Znosko returned Mr. Bakula's telephone call and gave a counter-offer.  Mr. Bakula testified that he communicated the counter-offer to plaintiff and then, with plaintiff's authority, he made a second settlement demand. Ms. Znosko responded with a second counter-offer on behalf of Greyhound.  Mr. Bakula testified that he communicated this counter-offer to plaintiff, who rejected it, and he made a third settlement demand with plaintiff's authority. Ms. Znosko responded with a third counter-offer on behalf of Greyhound.  Mr. Bakula testified that he communicated the third counter-offer to plaintiff and then, with plaintiff's authority, he communicated to Ms. Znosko that plaintiff wanted

3

the amount she demanded in her third settlement demand. Mr. Bakula's testimony is consistent with Mr. Znosko's declaration, which she signed under penalty of perjury. It is also consistent with the exhibits that were submitted to the Court.

According to Mr. Bakula, around 2:30 p.m. on August 21, 2013, Ms. Znosko sent him an e-mail with an offer for settlement which was $1,000.00 less than plaintiff's third settlement demand. Ms. Znosko also attached a proposed release setting forth Greyhound's terms for settlement. Mr. Bakula testified that he obtained authority from plaintiff to settle the case for this amount. In response to the e-mail, Mr. Bakula testified that he telephoned Ms. Znosko and accepted the offer of settlement, although he requested certain modifications to the release. More specifically, according to Ms. Znosko's declaration and Mr. Bakula's deposition testimony, he requested that Greyhound (1) provide him with the proposed apportionment of the settlement among damages for lost wages, emotional distress, and attorney's fees, (2) insert a provision whereby Greyhound released any claims it might have against plaintiff, and (3) modify the paragraph regarding plaintiff's agreement not to seek employment from Greyhound or its related entities. According to her declaration, Ms. Znosko advised plaintiff's counsel in the telephone call of Greyhound's proposed apportionment of the settlement payment and agreement to add a provision releasing plaintiff of any claim, but she informed Mr. Bakula that Greyhound was unwilling to modify the paragraph addressing rehiring, but that it would provide plaintiff with a list of Greyhound's related entities, which she did. Ms. Znosko represented in her declaration that during this telephone conversation Mr. Bakula advised her that plaintiff accepted Greyhound's settlement offer with the revised terms and amount. On August 22, 2013, Ms. Znosko sent Mr. Bakula an e-mail confirming the revised terms of the agreement and indicating the related entities from which plaintiff could not seek re-employment. See Doc. 43, Ex. 3 (filed under seal). Ms. Znosko attached to this e-mail "Release of all Claims and Settlement

4

Agreement of Rose Thompson" and a form W-9. Id. Plaintiff refuses to execute this document.

Plaintiff appeared at the October 22, 2013 hearing without the assistance of counsel. According to plaintiff, she was in Mr. Bakula's office on August 21, 2013, and she believed she was there to prepare for her deposition. She stated that Mr. Bakula raised the idea of settling the case for a certain amount, but that she rejected the idea. She stated that during the course of the next few hours that she was in his office, Mr. Bakula left the room to make a number of phone calls but she was unaware with whom he was speaking. She stated at the hearing that at no time did she give Mr. Bakula the authority to settle her case for the amount Greyhound contends the case was settled. Plaintiff's version of events directly contradicts Mr. Bakula's testimony. According to plaintiff, there was never an agreement between her and Greyhound to settle the dispute, and if there was an agreement between Mr. Bakula and Greyhound, Mr. Bakula did not have the authority to enter into such an agreement on her behalf.

### *III. Discussion*

This Court has the inherent power to enforce settlement agreements. Leon Indus., Inc. v. I.C.N. Pharms., 472 F. Supp. 1241, 1242 (E.D. Mo. 1979). In Missouri, a party seeking specific performance of a settlement agreement bears the burden of demonstrating the existence of the agreement by clear, convincing, and satisfactory evidence.[2] Vulgamott v. Perry, 154 S.W.3d 382, 388 (Mo. Ct. App. 2004); B-Mall Co. v. Williamson, 977 S.W.2d 74, 77 (Mo. Ct. App. 1998). Settlement agreements are governed by the law of contracts, Kenney v. Vansittert, 277 S.W.3d 713, 722 (Mo.

---

[2]This matter is before this Court pursuant to diversity jurisdiction, therefore, this Court must apply Missouri's substantive law, and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

5

Ct. App. 2008), and the essential elements of a contract (offer, acceptance and consideration) must therefore be proved. Ste. Genevieve County Levee Dist. # 2 v. Luhr Bros., Inc., 288 S.W.3d 779, 783 (Mo. Ct. App. 2009). The absence of a signed agreement, in itself, does not imply that no agreement was reached. Visiting Nurse Ass'n, St. Louis v. VNA Health Care, Inc., 347 F.3d 1052, 1054 (8th Cir. 2003). When the Court determines that a valid settlement agreement exists, the Court may order the parties to execute a settlement release as a species of specific performance. Kenney, 277 S.W.3d at 722.

In this case, it is undisputed that counsel for Greyhound, Ms. Znosko, and plaintiff's counsel, Mr. Bakula, engaged in settlement negotiations on August 21, 2013, which led to a settlement agreement, as evidenced by the August 22, 2013 e-mail from Ms. Znosko to Mr. Bakula with the attached "Release of all Claims and Settlement Agreement of Rose Thompson."[3] It is also undisputed that plaintiff was present in Mr. Bakula's office during at least a portion of the negotiations that took place on August 21, 2013, and Ms. Znosko was aware plaintiff was in the office that day.  Plaintiff, however, disputes that she gave Mr. Bakula authority to settle the dispute. She argued at the hearing that while she was at Mr. Bakula's office for deposition preparation, Mr. Bakula raised the idea of trying to settle the case for a certain amount, an idea which she rejected.  She stated that while she was at his office, Mr. Bakula got up and left the room a number of time to use the phone, but she was unaware that he was conducting settlement negotiations on her behalf.

---

[3]While plaintiff offers no argument in opposition, the undersigned determines that the settlement agreement that Mr. Bakula negotiated with defendant's counsel contained all of the elements of a contract as required in Missouri, and that defendant has established the existence of the agreement by clear, convincing, and satisfactory evidence. Luhr Bros., Inc., 288 S.W.3d at 783; Vulgamott, 154 S.W.3d at 388.

The disputed issue at bar involves principles of agency and burdens of proof. An attorney is the agent of the client, and under Missouri law, "an attorney is presumed to have the authority to settle a case if the attorney expressly states he has such authority or negotiates as though he does." Glass v. Kirkland, 29 F.3d 1266, 1269 (8th Cir.1994) (citing Barton v. Snellson, 735 S.W.2d 160, 163 (Mo .Ct. App.1987)). See also Leffler v. Bi-State Dev. Agency, 612 S.W.2d 835, 837 (Mo. Ct. App.1981), Kenney, 277 S.W.3d at 721 ("authority is presumed to be present in the client's attorney of record and where the attorney undertakes negotiations with the opposing party.") A party contending that his or her attorney lacked the authority to bind the client in settlement carries a heavy burden to rebut this presumption. Bishop v. Heartland Chevrolet, Inc., 152 S.W.3d 893, 896 n. 4 (Mo. Ct. App. 2005).

In this case, Mr. Bakula, an officer of the Court, offered sworn testimony that he had authority from plaintiff to settle the case under the terms and for the amount of the settlement agreement. Mr. Bakula's testimony is consistent with the declaration of Ms. Znosko, who is also an officer of this Court. Plaintiff offered statements that contradict Mr. Bakula's testimony and the exhibits, and the Court finds them not to be credible. In the Court's view, it is more likely that plaintiff knew her attorney was negotiating on her behalf and that she gave him her authority to settle the case for the amount in the August 22, 2013 "Release of all Claims and Settlement Agreement of Rose Thompson," but that she later had second thoughts, which is why she refused to sign the agreement and release.

After considering the evidence submitted on the issue, the Court finds plaintiff has not met her burden of rebutting the presumption that her attorney had the authority to settle the case. Based

on the foregoing, the Court finds that the August 22, 2013 "Release of all Claims and Settlement Agreement of Rose Thompson," is a valid and enforceable contract between the parties in settlement of this litigation. See Doc. 43, Ex. 3 at 7 (filed under seal).  Finding Mr. Bakula acted with plaintiff's express authority, the Court need not consider whether plaintiff cloaked Mr. Bakula with apparent authority such that Ms. Znosko believed he had the authority to settle the case, and such belief was reasonable. The Court will declare this matter settled.

As an additional matter, on October 18, 2013, plaintiff's former counsel, Mr. Bakula, filed a motion to impose an attorney's fees lien against plaintiff.  Mr. Bakula, however, failed to provide the necessary documentation and legal authority to support his motion to impose an attorney's fees lien. Mr. Bakula submitted no evidence in support of his assertion that there was an attorney's fees agreement between him and Ms. Thompson, let alone the terms of any such agreement.  Therefore, the Court will deny the motion, without prejudice, at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Greyhound Lines, Inc.'s to Enforce Settlement is **GRANTED.**  [Doc. 46]

**IT IS FURTHER ORDERED** that this matter is **DECLARED** settled on the terms set forth in the August 22, 2013 Release of all Claims and Settlement Agreement of Rose Thompson.

**IT IS FURTHER ORDERED** that Bradley Bakula's motion to impose attorney's fee lien is **DENIED without prejudice.** [Doc. 57]

**IT IS FURTHER ORDERED** that plaintiff Rose Thompson's motion to compel is **DENIED as moot.** [Doc. 36)

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** with prejudice.

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this   19th    day of November, 2013.